IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jack Richard Ward,<br><br>    Petitioner,<br><br>vs.<br><br>Warden Ricardo E. Chavez,<br><br>    Respondent. | No. CIV-09-00246-PHX-GMS (MHB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE G. MURRAY SNOW, U.S. DISTRICT JUDGE:

On February 6, 2009, Petitioner Jack Richard Ward filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, contending that Bureau of Prisons ("BOP") does not have a "lawful order to collect restitution from the Petitioner while he is incarcerated." (Doc. #1 at 1.) On March 10, 2009, Respondent filed an Answer, arguing that Petitioner had not exhausted his administrative remedies, and that, in any event, his claim fails on the merits. (Doc. #8.) On March 19, 2009, Petitioner filed a Traverse, arguing that exhaustion of administrative remedies would be futile, and that his claim is meritorious. (Doc. #10.)

**BACKGROUND**

Petitioner is an inmate currently incarcerated at the Federal Correctional Institution in Phoenix, Arizona ("FCI-Phoenix"). (Doc. #8, Exh. 1.) On December 9, 2002, Petitioner was sentenced in the United States District Court for the Eastern District of California to 300 months' imprisonment for the crimes of Attempted Bank Robbery and Bank Robbery, in

1 violation of 18 U.S.C. §2113(A) and (D). (Id., Exh. 2.) In addition, he was ordered to pay a $1,000.00 Crime Victim Fund Assessment, and $27,885.00 in restitution to the crime victims, due immediately. (Id., Exh. 2 at 5-6.)

Petitioner first raised the issue he raises here, that the BOP lacks the lawful authority to collect restitution from him during his incarceration, in a §2255 petition in the United States District Court of California, while he was incarcerated in California. (U.S. v. Ward, CR-02-5231-AWI, E.D. Cal.) On December 12, 2008, the court found that "BOP was not authorized by a lawful order of the court to withhold any restitution payment from [Petitioner]," and that the "due immediately" language of the court's restitution order was an "impermissible delegation of authority to either BOP or probation." (Doc. #10, Exh. A at 5.) The court then set a hearing, finding it "appropriate to seek input from all stakeholders prior to any modification of [Petitioner's] restitution order." (Id., Exh. A at 6.) On January 16, 2009, the Court granted the United States' Motion for Reconsideration, finding that the court "lacked jurisdiction to consider the legality of its order of restitution under either 28 U.S.C. §§2255 or under 18 U.S.C. §3664(k)." (Doc. #8, Exh. 4 at 3.) Petitioner's §2255 petition was then dismissed.

I.     Exhaustion of Administrative Remedies.

Petitioner admits that he has not exhausted his administrative remedies before bringing this §2241 petition, and offers the following explanation:

> It would be an act of futility to proceed with the administrative remedy in that the BOP has taken a stance that even though the District Court ruled that the BOP was not authorized to collect restitution from the Petitioner because they did not possess a lawful order of restitution. The BOP insist that all inmates must take them to court and until they are ordered otherwise, they will force the Petitioner to participate in the Inmate Financial Responsibility Program or lose his UNICOR job and other privileges. A number of inmates over the years have filed on this same issue and the BOP has a standard response of denial.

(Doc. #1 at 4.)

Exhaustion of administrative remedies is a prerequisite to bringing suit. See 28 C.F.R. §542.15; Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a). The rationale for the exhaustion requirement is to permit federal agencies to correct their own mistakes, to

- 2 -

1  develop an administrative record and to promote judicial efficiency. Parisi v. Davidson, 405
2  U.S. 34, 37 (1972).

3  Under the PLRA, "[n]o action shall be brought with respect to prison conditions under
4  section 1983 . . . , or any other federal law, by a prisoner . . . until such administrative
5  remedies are available are exhausted."  42 U.S.C. §1997e(a).  The Supreme Court has
6  defined "proper" exhaustion under §1997e(a) using principles of administrative law, "which
7  means using all steps that the agency holds out, and doing so properly (so that the agency
8  addresses the issues on the merits)."  Woodford v. Mgo, 548 U.S. 81, 90 (2006).  Exhaustion
9  under the PLRA is "no longer left to the discretion of the district court, but is mandatory."
10  Id., at 85. See also Jones v. Bock, 549 U.S. 199, 199-200 (2007).

11  The BOP has a formal 3-tier administrative remedy system described at 28 C.F.R.
12  §§542.10 *et seq*.  The inmate must initially try to resolve the dispute informally with BOP
13  unit staff before formally filing an administrative grievance with the Warden.  28 C.F.R.
14  §§542.13(a), 542.14.  The inmate may then appeal an adverse decision to the Regional
15  Office.  28 C.F.R. §542.15(a).  He may then challenge the Regional Office's decision by
16  appealing to the Central Office.  28 C.F.R. §542.15(b).  Once an inmate has completed this
17  administrative process, if still aggrieved, he may then file a habeas petition in the appropriate
18  district court.

19  In the instant case, Petitioner stopped at the second step in the process.  He filed the
20  administrative grievance with the Warden, which the Warden denied.  (Doc. #8, Exh. 5 at 4,
21  #519287-F-1.) He did not seek review of that denial. (Id., Exh. 5.)  Petitioner concedes that
22  he has not exhausted his administrative remedies, but argues that pursuit of his claim through
23  that process would be futile.  Petitioner cites no authority for the proposition that the
24  requirement of exhaustion is excused upon a showing of futility.

25  Petitioner's argument is furthermore foreclosed by the reasoning in Woodford, supra.
26  In that case the prisoner had argued that the exhaustion requirement is met when
27  administrative remedies simply "are no longer available." Id., at 88.  The prisoner had been
28  precluded from fully exhausting his administrative remedies due to his untimely filing of his

1  initial grievance. Id., at 87. The Supreme Court rejected the prisoner's argument, finding
2  that "[u]nder this interpretation, the reason why administrative remedies are no longer
3  available is irrelevant. Bare unavailability suffices even if this results from a prisoner's
4  deliberate strategy of refraining from filing a timely grievance so that the litigation of the
5  prisoner's claim can begin in federal court." Id., at 88.

6  As in the case here, Petitioner makes the bald assertion, without more, that the "BOP
7  has taken a stance that even though the District Court ruled that the BOP was not authorized
8  to collect restitution from the Petitioner because they did not possess a lawful order of
9  restitution. The BOP insists that all inmates must take them to court . . . A number of
10 inmates over the years have filed on this same issue and the BOP has a standard response of
11 denial." (Doc. #1 at 4.) In his Traverse, he cites Sours v. Chavez, No. CV-08-1903-PHX-
12 SRB (ECV) (District of Arizona), to support his argument that the "BOP has demonstrated
13 in hundreds of cases dealing with this same subject that they will not grant administrative
14 relief concerning restitution." (Doc. #10 at 2.) Petitioner does not cite any particular
15 document from the Sours docket, and a decision on the merits in that matter has not yet been
16 rendered. Thus, even if Petitioner could raise as a defense to exhaustion a doctrine of futility,
17 he has not satisfactorily demonstrated it here. Petitioner's petition should be denied based
18 upon his failure to exhaust his administrative remedies.[1]

19 **IT IS THEREFORE RECOMMENDED** that Jack Richard Ward's Petition for
20 Writ of Habeas Corpus be **DENIED** and **DISMISSED WITH PREJUDICE** (Doc. #1).

21 This recommendation is not an order that is immediately appealable to the Ninth
22 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
23 Appellate Procedure, should not be filed until entry of the district court's judgment. The
24 parties shall have ten days from the date of service of a copy of this recommendation within

---

[1] Respondent argues, in the alternative, that the habeas petition should be denied on its merits. Although the Court has the discretion to reach the merits, notwithstanding the failure of the applicant to exhaust administrative remedies, the Court declines to do so. 28 U.S.C. §2254(b)(2).

1 which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

DATED this 26th day of May, 2009.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge