**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JACK RICHARD WARD, | No. CV-09-00246-PHX-GMS |
| Petitioner, | **ORDER** |
| vs. | |
| RICARDO E. CHAVEZ, | |
| Respondent. | |

Pending before the Court is the Petition for Writ of Habeas Corpus of Petitioner Jack Richard Ward, filed pursuant to 28 U.S.C. § 2241. (Dkt. # 1.) On May 26, 2009, the magistrate judge issued a Report and Recommendation ("R&R") recommending that the Petition be dismissed. (Dkt. # 11.) On June 4, 2009, Petitioner filed objections to the R&R. (Dkt. # 12.) For the following reasons, the Court partially adopts the R&R and dismisses the Petition with prejudice.

**BACKGROUND**

Petitioner was found guilty of Attempted Bank Robbery and Bank Robbery in violation of 18 U.S.C. § 2113(A) and (D). (Dkt. # 11 at 2.) On December 9, 2002, Petitioner was sentenced to three hundred months in prison. (*Id.*) As a part of his sentence, Petitioner was ordered to pay a $1,000.00 Crime Victim Fund Assessment and $27,885.00 in restitution to the victims of his crimes. (*Id.*) Petitioner is currently incarcerated at the Federal

Corrections Institution in Phoenix, Arizona. The detailed factual background of this action is set forth in the R&R. As neither party objects to any of the facts as characterized in that report, the Court adopts that background as accurate.

The crux of then pending habeas petition is the argument that the Bureau of Prisons ("BOP") is unlawfully forcing Petitioner to participate in the Inmate Financial Responsibility Program ("IFRP") as a means of collecting restitution payments, which Petitioner argues violates the Mandatory Victims Restitution Act of 1996 ("MVRA").

**DISCUSSION**

**I.     Legal Standard**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that de novo review of factual and legal issues is required if objections are made, 'but not otherwise.'"). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1) ("[T]he court shall make a de novo determination of those portions of the [R&R] to which objection is made.").

**II.    Analysis**

Petitioner raises two objections to the R&R: (A) that the exhaustion requirement set forth in the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1997e(a), does not apply to a § 2241 habeas corpus petition; and (B) that the Court should waive the judicially-created exhaustion requirement for § 2241 petitions because exhaustion of administrative remedies would be futile in this case. (Dkt. # 12.) The Court agrees with Petitioner on his first argument but rejects his second argument. However, in the interests of finality and completeness, the Court will also address (C) the merits of Petitioner's habeas claim.

**A. The exhaustion requirement set forth in 28 U.S.C. § 1997e(a) does not apply in this case.**

In the R&R, the magistrate judge concluded that "[e]xhaustion of administrative remedies is a prerequisite to bringing suit," and cited to the PLRA. (Dkt. # 11 at 2.) The R&R goes on to state that "[e]xhaustion under the PLRA is 'no longer left to the discretion of the district court, but is mandatory.'" (*Id.*) Petitioner argues in his Objections to the R&R that "[t]he United States Magistrate Judge has misquoted the law concerning the exhaustion of administrative remedies . . . [because] the Prison Litigation Reform Act [] exhaustion requirement does not apply to 28 U.S.C. § 2241 writs of habeas corpus." (Dkt. # 12 at 1.) Petitioner argues that, instead, "the exhaustion requirement in [§ 2241] habeas corpus actions . . . has no statutory mandate, but rather is judicially imposed." (*Id.* at 2.) Respondents agree that Petitioner's statement of the law is correct. (Dkt # 14 at 2.)

Generally, before filing a § 2241 writ of habeas corpus in federal court, a federal inmate must exhaust administrative remedies within the prison system. *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986). The duty to exhaust administrative remedies in the context of a § 2241 petition for a writ of habeas corpus does not arise out of the PLRA, but rather it is a judicially-created duty. *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983) ("The requirement of the exhaustion of administrative remedies before filing for habeas corpus relief . . . has not been previously addressed in this circuit. . . . We now adhere to the doctrine of the necessary exhaustion of administrative remedies as set forth in the opinions of the circuits previously cited."); *see also Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993); *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990), *overruled on other grounds by Reno v. Koray*, 515 U.S. 50, 54-55 (1995); *Robinson v. Davis*, No. 5:08cv212/RS-MD, 2009 WL 383094, at *3 (N.D. Fla. Feb. 13, 2009). The exhaustion requirement serves an important purpose, as it promotes: (1) "respect for administrative autonomy by minimizing unnecessary judicial intervention," and (2) "judicial economy by resolving complaints or setting forth findings of fact." *Terrell v. Brewer*, 935 F.2d 1015, 1019 (9th Cir. 1991) (citing *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988)).

Therefore, Petitioner is correct in his assertion that the PLRA exhaustion requirement does not apply to his petition.

      **B.     Petitioner has not sufficiently shown that exhaustion of administrative remedies would be futile.**

The parties do not dispute that Petitioner has failed to exhaust administrative remedies. (Dkt. # 1 at 4; Dkt. # 8 at 3.) However, Petitioner argues that the Court should exercise its discretion to waive the exhaustion requirement in his case because exhaustion would be futile. Petitioner contends that "the Bureau of Prisons has adopted a clear and inflexible policy regarding its interpretation of the Mandatory Victims Restitution Act[.]" (Dkt. # 12 at 2-3.) Respondents argue that the exhaustion requirement should not be waived, stating "important policy reasons justify this Court's refusal to apply the doctrine of futility to reach the merits of Petitioner's claim." (Dkt. # 14 at 5.)

As the exhaustion requirement in § 2241 habeas corpus petitions is judicially-created rather than statutorily-imposed, a court may exercise its discretion to waive the requirement where it finds that exhaustion of administrative remedies would be futile. *Fraley,* 1 F.3d. at 925 (citing *Terrell*, 935 F.2d at 1019). Generally, in this context, the duty falls upon the party seeking to bypass exhaustion to show that exhaustion of administrative remedies would be futile. *See, e.g.*, *Ramirez v. Copenhaven*, No. C 07-4461 RMW (PR), 2008 WL 1885757, at *1 (N.D. Cal. Apr. 21, 2008) (dismissing a habeas petition under § 2241 where the petitioner made the unsupported assertions that exhaustion of administrative remedies would take too long and result in an unfavorable result); *see also Reyna v. Copenhager*, No. C 07-4270 MMC (PR), 2007 WL 2504983, at *2 (N.D. Cal. Aug. 31, 2007) ("Under these circumstances, petitioner has not shown exhaustion of her claim through the BOP's administrative appeals process would be futile."); *see also Coleman v. Newburgh Enlarged City Sch. Dist.*, 319 F. Supp. 2d 446, 450 (S.D.N.Y. 2004) ("The burden of demonstrating futility rests with the party seeking to avoid the exhaustion requirement.").

Exhaustion is futile where the BOP can be demonstrated to have adopted a "clear and inflexible policy" regarding the disputed issue that ensures a negative response to any

complaint or appeal that a prisoner may file within the prison system. *See, e.g.*, *Jaworski v. Gutierrez*, 509 F. Supp. 2d 573, 578 (N.D.W. Va. 2007) (citing *Fagiolo v. Smith*, 326 F. Supp. 2d 589, 590 (M.D. Pa. 2004) (waiving the exhaustion requirement where a petitioner's appeals would have been futile because the BOP had adopted a "clear and inflexible" policy based upon a systematic interpretation of the statute that the petitioner's appeal implicated); *see also Fraley*, 1 F.3d at 925 (waiving exhaustion where the initial request for an administrative remedy was denied based on official BOP policy and further appeal would almost certainly have been denied based upon the same policy).

Here, in his briefing to the magistrate judge, Petitioner argued that "even though the sentencing court . . . ruled that the BOP did not possess a lawful order of restitution, . . . the BOP has again decided to force the Petitioner to participate in the [] IFRP or suffer loss of privileges. . . . This in itself shows the futile act of going through the administrative remedy process." (Dkt. # 10 at 1-2.) This reasoning is flawed. "[The sentencing] court granted the United States' Motion for Reconsideration, finding that the court 'lacked jurisdiction to consider the legality of its order of restitution,'" and thereupon vacated the order. (Dkt. # 11 at 2.) Thus, contrary to Petitioner's contentions, the BOP's insistence that Petitioner participate in the IFRP is not in derogation of any existing court order, and the BOP's disagreement with the sentencing judge's now-vacated opinion is not probative of whether exhaustion would be futile.

Additionally, Petitioner generally cited to *Sours v. Chavez*, No. CV-08-1903-PHX-SRB (ECV), an action currently pending in this District, and claimed that "the BOP has demonstrated in hundreds of cases dealing with this same subject that they will not grant administrative relief concerning restitution orders." (Dkt. # 10 at 2.) The magistrate judge found that such "bald assertions, without more," were insufficient to prove that exhaustion would be futile. (Dkt. # 11 at 4.) The R&R pointed out that "Petitioner does not cite any particular document from the *Sours* docket, and a decision on the merits in that matter has not yet been rendered." (*Id.*) Based on Petitioner's generally unsupported statements, the

magistrate judge concluded that "even if Petitioner could raise as a defense to exhaustion a doctrine of futility, he has not satisfactorily demonstrated it here." (*Id.*)

In his Objections to the R&R, Petitioner attempts to provide additional evidence in support of his futility argument, stating "[*Sours*] presents adequate certainty of an adverse response to Petitioner's administrative appeals." (Dkt. # 12 at 2.) In addition, Petitioner submitted, as an exhibit to his Objections, a copy of a BOP appeals decision that was filed as an exhibit in *Sours*. (Dkt. #12 Ex. A at 7.) In *Sours*, the sentencing court ordered that Mr. Sours pay his restitution through the IFRP specifically. (Dkt. # 22 at 5.) In the document rejecting his claim that the sentencing court had unlawfully delegated its responsibility to collect the defendant's restitution, the BOP stated: "Contrary to your belief, staff are justified in diligently attempting to collect the financial obligations *as ordered* and the Bureau's practices have been tested in court and supported based on your ability to pay." (Dkt. # 12 Ex. 1 at 7 (emphasis added).) Petitioner claims that this is evidence that "[t]he BOP . . . has been inflexible in their decision to ignore statutes . . . and the Ninth Circuit Court rulings" and, therefore, his appeal would have received an unfavorable ruling. (Dkt. # 12 at 3.) However, Petitioner's sentencing court has issued no such order requiring that he make restitution payments through the IFRP. Therefore, Petitioner's reliance on *Sours* is inapposite.

Although the Court is not necessarily persuaded that Petitioner's BOP appeal would have yielded a favorable result, the Court nonetheless finds that Petitioner has failed to show sufficient evidence that his exhaustion of the BOP appeals process would have been futile. In *Copenhaven*, the court stated that "unsupported contentions" are insufficient to prove that exhaustion is futile. *See Copenhaven*, 2008 WL 1885757, at *1. Additionally, even if the Court exercises its discretion to consider the new evidence that Petitioner presents in his Objections to the R & R (Dkt. # 12),[1] the submission of a single document from a

---

[1]"A district judge has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." *Brown v.*

- 6 -

1 distinguishable case is insufficient to show that the BOP has universally adopted a "clear and
2 inflexible" policy that would make rejection of Petitioner's appeal a certainty. Additionally,
3 the Court notes that Petitioner did not even submit his *own* internal grievance that was
4 rejected by the BOP for the Court's consideration in determining whether exhaustion in this
5 case would be futile. Accordingly, the Court declines to waive the exhaustion requirement
6 in this case because Petitioner has not sufficiently shown that exhaustion of the BOP's
7 administrative appeals process would be futile.

### C. Petitioner is not being forced to participate in the IFRP and no delegation of sentencing authority has occurred.

Even if the Court were to reach the merits of Petitioner's claim, he would still not find relief. In this action, Petitioner argues:

> The BOP does not possess a legal order from the Court to collect restitution from the Petitioner. The Petitioner cannot be forced to participate in the IFRP[,] as this requires the BOP to set a schedule of payments that the Ninth Circuit has ruled to be illegal. This can only be done by the sentencing court and this authority cannot be delegated to anyone else.

(Dkt. # 1 at 4-A.) The Court disagrees with this argument because it is predicated upon two conceptual errors.

The first of these errors is the notion that Petitioner is being "forced to participate in the IFRP." The IFRP, codified at 28 C.F.R. § 545.10 *et seq.*, is a voluntary program in which inmates are encouraged to meet financial obligations through the provision of incentives. Although the consequence of declining to participate in the IFRP is the loss of these incentives, the Ninth Circuit has squarely held that such a consequence is not so coercive as to render the IFRP a program in which prisoners are impermissibly required to participate. *United States v. Lemoine*, 546 F.3d 1042, 1046, 1049 (9th Cir. 2008) (rejecting the petitioner's "argument that his participation in the IFRP was involuntary because he would have been denied certain privileges if he had refused to join the program," reasoning that

---

*Roe*, 279 F.3d 742, 744 (9th Cir. 2002) (citing *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000)).

- 7 -

1  "[t]he use of incentives to encourage compliance in a rehabilitative program does not render
2  it unconstitutional or unlawful"). Put simply, Petitioner is free to decline participation in the
3  IFRP at any time, and this reality is unaltered by the loss of incentives to which Petitioner
4  otherwise has no right.

5  Second, the sentencing court here did not "require[] the BOP to set a schedule of
6  payments," and thus the court's authority to set a restitution schedule has not been
7  "delegated" to the BOP. Petitioner is quite correct in arguing that, under the MVRA, a
8  sentencing court cannot delegate the setting of a restitution schedule to the BOP. *See* 18
9  U.S.C. § 3664(f)(2) (providing that it is "the court" that is to "specify in the restitution order
10 . . . the schedule according to which[] the restitution is to be paid"); *United States v. Gunning*
11 (*Gunning II*), 401 F.3d 1145, 1150 (9th Cir. 2005) ("[T]he district court simply does not have
12 the authority to delegate its own scheduling duties – not to the probation office, not to the
13 BOP, not to anyone else.").

14 However, no delegation has occurred here. The sentencing court neither directed the
15 BOP to set a payment schedule nor required Petitioner to participate in the IFRP, which was
16 the manner of delegation in the cases on which Petitioner relies. *See id.* at 1147 (finding that
17 a restitution order improperly delegated the authority to set a restitution schedule because the
18 sentencing court ordered that restitution was to be paid according to the IFRP); *West v.*
19 *Thomas*, No. CV07-1440-MA, 2008 WL 2704460, at *6-7 (D. Or. July 2, 2008) (finding that
20 a restitution order impermissibly delegated the sentencing court's authority to set a restitution
21 schedule where the defendant was ordered to participate in the IFRP).[2]  Rather, the

---

23 [2]It also bears noting that *West* (like several of its sister cases in the District of Oregon)
24 is not only factually distinguishable, but relies on legal analysis that is badly out of step with
the Ninth Circuit's subsequent decision in *Lemoine*. *West* described the notion that the
25 MVRA "does not prohibit an inmate from voluntarily paying down his financial obligations
at a faster rate" as "inaccurate, at best." 2008 WL 2704460, at *7. The Ninth Circuit in
26 *Lemoine*, however, endorsed that very statement. 546 F.3d at 1048 ("The MVRA does not
27 . . . . limit the authority of the BOP, through the IFRP, to offer incentives to inmates to pay
their restitution obligations in larger amounts or at a faster rate than the court has required.").
28 *West* also held that "the BOP cannot set a schedule by which the prisoner will make

- 8 -

sentencing court here simply said that payment was due "immediately," and it provided no delegation of authority for scheduling those payments to the BOP.

Petitioner's objection, then, is more properly directed at the sentencing court's decision to set no schedule for restitution payments beyond saying that payment was due "immediately." Even assuming that the sentencing court erred in not setting a more precise restitution schedule, that is not an error that has been asserted in this petition or briefed by the parties. To be entitled to relief, Petitioner would have to establish that the restitution order in his case was not specific enough to permit the BOP to enroll Petitioner in the IFRP, and Petitioner advances no such argument. The Court would therefore have no occasion to grant the petition underlying this case.

Even if the Court reached the merits of that issue, however, the Court would still not find error on this point. "An order for immediate payment is generally interpreted to require 'payment to the extent that the defendant can make it in good faith, beginning immediately,'" *United States v. Young*, 533 F. Supp. 2d 1086, 1088 (D. Nev. 2007) (quoting *McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1999)). The District of Nevada has upheld against a *Gunning* challenge a restitution order that provided that restitution was "due immediately" and that was otherwise "silent as to any schedule of payments while imprisoned." *Id.* at 1087-89. *Young* reasoned that the sentencing court had the authority to require such a schedule and that the BOP's voluntary IFRP program operated merely to assist the defendant in meeting that obligation. *Id.* at 1088. Here, like *Young*, the order making restitution

---

voluntary payments," and it even went so far as to pronounce that "the BOP must simply stop asking prisoners to sign 'voluntary' contracts to make sum certain restitution payments." 2008 WL 2704460, at *7. The Ninth Circuit in *Lemoine* not only pointed out that IFRP contracts are perfectly "voluntary," but it both sanctioned and endorsed their continuing use. 546 F.3d at 1048-49 ("In *Gunning II*, even as we held that the IFRP could not act as a substitute for a court-created restitution schedule, we implicitly endorsed the program's continued viability, praising the BOP for wisely creating the IFRP procedure whereby the BOP will help the inmate develop a financial plan and will then monitor the inmate's progress in meeting the terms of that plan.") (internal quotations omitted). The Court therefore accords very little weight to the *West* case.

payments due "immediately" means that restitution is due "to the extent that the defendant can make it in good faith." That Petitioner voluntarily agreed to a more specific payment schedule through the IFRP would not offend the requirements of the MVRA. *Id.*; *cf. Lemoine*, 546 F.3d at 1048 ("While the MVRA forbids the wholesale delegation of scheduling responsibility to the BOP, nothing in the text of the statute or our prior decisions places any limits on the BOP's operation of an independent program, such as the IFRP, that encourages inmates voluntarily to make more generous restitution payments than mandated in their respective judgments."). Petitioner therefore cannot find relief under the habeas petition advanced in this case.

## CONCLUSION

For the foregoing reasons:

**IT IS HEREBY ORDERED** that the Report and Recommendation (Dkt. # 11) is **ADOPTED IN PART.**

**IT IS FURTHER ORDERED** that Petitioner's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus (Dkt. # 1) is **DISMISSED WITH PREJUDICE.**

DATED this 27th day of August, 2009.

*G. Murray Snow*
G. Murray Snow
United States District Judge